IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIANA BORGES-MACHADO, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. _____ |
| JULIE HUSSAIN and SHAYAN HUSSAIN, | : |
| Defendants | : |

**COMPLAINT**

## Introduction

1.

In this FLSA overtime action, Plaintiff Juliana Borges-Machado ("Borges-Machado") alleges that her employers, Defendants Julie Hussain and Shayan Hussain (collectively "Defendants"), failed to pay her legally required overtime during her employment as a nanny from October 14, 2019 through March 17, 2020 (hereinafter "the Relevant Time Period").

## Jurisdiction and Venue

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U.S.C §1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Borges-Machado resides within Fulton County, Georgia.

5.

Defendants reside in Fulton County, Georgia.

6.

Defendant Julie Hussain is subject to the personal jurisdiction of this Court.

7.

Defendant Julie Hussain may be served with process at 3037 Towerview Drive, NE, Atlanta, Georgia 30324 or wherever she may be located.

8.

Defendant Shayan Hussain is subject to the personal jurisdiction of this Court.

9.

Defendant Shayan Hussain may be served with process at 3037 Towerview Drive, NE, Atlanta, Georgia 30324 or wherever he may be located.

**Employment Relationship**

10.

During the Relevant Time Period, Borges-Machado worked at Defendants' home located at 3037 Towerview Drive, NE, Atlanta, Georgia 30324 as a nanny.

11.

Throughout the Relevant Time Period, Borges-Machado's primary duties consisted of general care of Defendants' minor children including but not limited to, bathing, dressing, feeding, and transporting the children to and from school and other activities.

12.

During the Relevant Time Period, Borges-Machado also performed housekeeping and cooking services for Defendants.

13.

During the Relevant Time Period, Borges-Machado did not reside in Defendants' home.

14.

During the Relevant Time Period, Borges-Machado never stayed over-night in Defendants' home.

15.

During the Relevant Time Period, Defendants provided Borges-Machado with a checklist of tasks that she was to complete each workday.

16.

At all times relevant to this action, Borges-Machado regularly worked 5 days during most work weeks.

17.

At all times relevant to this action, Borges-Machado regularly worked Monday through Friday.

18.

At all times relevant to this action, Borges-Machado was scheduled to work from 6:30 a.m. until 6:30 p.m.

19.

At all times relevant to this action, Borges-Machado regularly worked at least twelve (12) hours during each workday.

20.

At all times relevant to this action, Borges-Machado often worked an additional 30 minutes after her scheduled working hours during each workday.

21.

At all times relevant to this action, Borges-Machado regularly worked 60-62 ½ hours during each work week.

22.

During the Relevant Time Period, Borges-Machado regularly worked in excess of 40 hours during most, if not all, work weeks.

23.

Throughout the Relevant Time Period, Defendants compensated Borges-Machado on an hourly basis.

24.

Throughout the Relevant Time Period, Defendants compensated Borges-Machado at an hourly rate of $20.00.

**Failure to Pay Overtime**

25.

At all times the Relevant Time Period, Borges-Machado was an "employee" of Defendants within the meaning of FLSA.

26.

At all times the Relevant Time Period, Defendant Julie Hussain was an "employer" of Borges-Machado within the meaning of 29 U.S.C. §203(d).

27.

At all times the Relevant Time Period, Defendant Shayan Hussain was an "employer" of Borges-Machado within the meaning of 29 U.S.C. §203(d).

28.

At all times during the Relevant Time Period, Defendants failed to compensate Borges-Machado at one-and-one-half times her regular hourly rate for all hours she worked in excess of 40 hours during each work week.

**Non-Exempt Status**

29.

Throughout the Relevant Time Period, Borges-Machado was not exempt from the maximum hour requirements of the FLSA within the meaning of 29 USC §213 (b)(21).

30.

Throughout the Relevant Time Period, Borges-Machado was not exempt from the maximum hour requirements of the FLSA within the meaning of 29 USC §213 (a)(15).

31.

Throughout the Relevant Time Period, Borges-Machado was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in the FLSA.

**Willfullness and Lack of Good Faith**

32.

At all times during the Relevant Time Period, Defendants were aware of the actual hours that Borges-Machado worked during each work week.

33.

At all times relevant to this action, Defendants knew or should have known that the FLSA applied to Borges-Machado.

34.

At all times during the Relevant Time Period, Defendants knew or should have known that FLSA Section 7 required that they compensate Borges-Machado at one–

and–one–half times her regular hourly rate for work performed in excess of forty hours in each workweek.

### Count 1-- Failure to Pay Overtime
### Pursuant to 29 U.S.C. §§ 207 and 215(a)(2)

35.

The allegations in paragraphs 1-34 are incorporated by reference as if fully set out in this paragraph.

36.

Throughout the Relevant Time Period, Borges-Machado was an employee covered by the FLSA and entitled to the maximum hour protections set forth in 29 U.S.C. §207(a).

37.

Throughout the Relevant Time Period, Borges-Machado regularly worked in excess of 40 hours during each week.

38.

Throughout the Relevant Time Period, Defendants failed to compensate Borges-Machado at one and one-half times her regular hourly rate for all hours she worked in excess of 40 hours during each work week, in violation of 29 U.S.C. §207.

39.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Borges-Machado at one and one-half times her regular hourly rate for

all hours she worked in excess of 40 hours during each work week within the meaning of 29 U.S.C. §255.

40.

As a result of the underpayment of overtime compensation as alleged above, Borges-Machado is entitled to payment of overtime in an amount to be determined at trial, in accordance with 29 U.S.C. §216(b).

41.

As a result of the underpayment of overtime compensation as alleged above, Borges-Machado is entitled to liquidated damages in accordance with 29 U.S.C. §216(b).

42.

As a result of the underpayment of overtime compensation as alleged above, Borges-Machado is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with 29 U.S.C. §216(b).

WHEREFORE, Borges-Machado respectfully prays that this Court:

a) Award Plaintiff damages equivalent to all due but unpaid overtime wages;

b) Award Plaintiff a like amount in liquidated damages or award Plaintiff prejudgment interest on all amounts owed;

c) Award Plaintiff nominal damages;

d) Award Plaintiff her costs of litigation including her reasonable attorneys' fees pursuant to 29 U.S.C. §216(b); and

e) Award any and such other further relief this Court deems just, equitable, and proper.

Respectfully submitted,

                                                **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

|  |  |
|---|---|
|  | */s/Charles R. Bridgers* |
| 101 Marietta Street | Charles R. Bridgers |
| Suite 2650 | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | */s/ Kevin D. Fitzpatrick, Jr.* |
| (404) 979-3150 | Kevin D. Fitzpatrick, Jr. |
| (404) 979-3170 (f) | Ga. Bar No. 262375 |
| charlesbridgers@dcbflegal.com |  |
| kevin.fitzpatrick@dcbflegal.com | COUNSEL FOR PLAINTIFF |